IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS WILHITE, § | |
| (TDCJ-CID #1601479) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-10-3192 |
| § | |
| KENNITRA FOOTE, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Marcus Wilhite, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in September 2010, alleging civil rights violations resulting from ineffective assistance of counsel. Wilhite, proceeding *pro se* and *in forma pauperis*, sues Kinnetra Foote, who represented him at his criminal trial, and the State of Texas.

The threshold issue is whether Wilhite's claims should be dismissed as frivolous. The court concludes that Wilhite's claims lack merit and should be dismissed for the reasons stated below.

### I.    Plaintiff's Allegations

Wilhite states that on September 24, 2009, he appeared before a state court in Cause Numbers 1141857 and 1178148. Online research reveals that Wilhite entered pleas of guilty to two separate aggravated robberies without an agreed recommendation on punishment. On September 24, 2009, the trial court imposed a fifteen-year sentence in each case, with the sentences to be served concurrently. The appellate court noted that Wilhite waived his right to have the guilty plea hearing transcribed by a court reporter.

Wilhite complains that his defense attorney failed to provide him any information in the

twenty-one month period prior to his guilty plea. Liberally construed, he complains that counsel did not advise him of the consequences of waiving a transcription of the guilty plea hearing. He also complains that the State of Texas is responsible for his defense attorney's failings.

Wilhite asks that his complaint be reviewed by this court.

## II. Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a

federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Wilhite's complaint is that he did not enter his guilty pleas voluntarily because counsel did not render ineffective assistance prior to and during the guilty plea hearing. The complaint challenges the involuntariness of Wilhite's guilty pleas and the ineffective assistance of his trial counsel. A ruling granting Wilhite the relief which he seeks would necessarily implicate the validity of his convictions for aggravated robbery in Cause Numbers 1141857 and 1178148, and inevitably affect the duration of his confinement.

Under *Heck*, Wilhite must demonstrate that his convictions and sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck*, 512 U.S. at 486-87. Wilhite cannot make such a showing. He has not alleged that his convictions in Cause Numbers 1141857 and 1178148 have been reversed, invalidated or otherwise expunged. Until Wilhite receives a ruling declaring his sentences invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Wilhite's claims challenging his convictions for aggravated robbery are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Wilhite's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Alternatively, the court finds that Wilhite's claims lack merit. A cause of action under 42 U.S.C. § 1983 requires a showing that Wilhite has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The Due Process Clause is not generally held to require the State to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)).

The conduct of private actors, such as Kinnetra Foote, does not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Wilhite's claims against Kinnetra Foote for ineffective assistance are not cognizable in a section 1983 action because his attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996)(citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995)(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of Section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988)("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Wilhite has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Wilhite's civil rights claims against Kinnetra Foote are DISMISSED as frivolous. This claim is dismissed without prejudice to permit Wilhite to file a complaint under state law for malpractice, breach of contract, or other appropriate claim.

### III.  Conclusion

Wilhite's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED. The action filed by Marcus Wilhite (TDCJ-CID Inmate #1601479) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B). Wilhite's motion for discovery, (Docket Entry No. 5), is DENIED as moot. Any remaining pending motions are DENIED as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Wilhite's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on __Oct. 4__, 2010.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE